RECEIVED
\_\_\_\_ ENTERED \_\_\_\_ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT - 5 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| KIRK D. WINGO, | ) | 3:14-cv-00449-RCJ-VPC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | October 5, 2016 |
| DR. KAREN GEDNEY, et al., | ) | |
| Defendants. | ) | |

**PRESENT:** THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

**DEPUTY CLERK:** _____LISA MANN_____ **REPORTER:** NONE APPEARING

**COUNSEL FOR PLAINTIFF(S):** NONE APPEARING

**COUNSEL FOR DEFENDANT(S):** NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

    Defendants moved for summary judgment on July 1, 2016. (ECF No. 37.) After plaintiff had opposed and defendants replied, plaintiff filed a notice "providing judicial notice..." on August 22, 2016. (ECF No. 46.) Defendants move to strike the filing on the ground that the filing is an unauthorized surreply. (ECF No. 47 at 1-2.) The local rule governing motions briefing contemplates a motion, an opposition, and a reply, and expressly states that "[s]urreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." LR 7-2(b). This remains true even where the filer is a *pro se* litigant. *Id.* (citing *Odoms v. Skolnik*, No. 3:09-cv-00223-RCJ-VPC, 2011 WL 2161391, at *5 (D. Nev. Apr. 18, 2011)).

    Plaintiff did not request leave to file a surreply, and defendants did not raise new arguments in reply to plaintiff's opposition. Therefore, defendants' motion to strike (ECF No. 47) is **GRANTED**.

    **IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

BY: \_\_\_\_\_/s/_____
Deputy Clerk

1